IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ronald Brunson, | ) | C/A No. 3:12-813-JFA-PJG |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Central Intelligent Agency, and Federal Bureau of Investigation, | ) | |
| Defendants. | ) | |

The plaintiff, Ronald Brunson ("Plaintiff"), who is self-represented, brings this action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed with prejudice.

## BACKGROUND

This is the seventeenth *pro se* case that this Plaintiff has filed in this court since 2002.[1] It would overburden this report to list and discuss each of Plaintiff's past cases, but suffice it to say that the majority of the cases involved one of two topics: (1) whether Plaintiff was injured and became mentally ill as a result of a Federal Bureau of Investigation ("FBI") investigation that allegedly began in 2005 and continued into 2009;

---

[1] This court hereby takes judicial notice of the content of its own files. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (" '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' "); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).



or (2) whether some federal agency or official murdered or threatened to murder members of Plaintiff's family. None of Plaintiff's past complaints survived the required initial review of *pro se* pleadings, and none was served on any of the defendants named by Plaintiff.

This seventeenth case peripherally falls into the first group of cases historically submitted by Plaintiff. In the instant Complaint, Plaintiff asks the court to force Defendants Federal Bureau of Investigation ("FBI") and Central Intelligent [*sic*] Agency ("CIA"), two federal agencies, to pay him one million dollars because they did not respond to a Federal Torts Claim Act ("FTCA") administrative claim form (Standard Form 95) that Plaintiff asserts he submitted to them. He alleges that, as a result of the agencies' failure to respond, he continues to be harmed by the "internal intelligent machine" that was allegedly issued to a private person who spied on Plaintiff. (Compl., ECF No. 1 at 3, 7-8.) A copy of the subject administrative claim form is part of an exhibit of various related documents submitted to the court along with the Complaint in a separate case that was filed on the same date. See C/A No. 3:12-812-JFA-PJG at ECF No. 1-1at 6-7.) Although it is not attached to his Complaint in this case, this court my take judicial notice of the contents of other cases. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records). The administrative claim form contains many of the same allegations from Plaintiff's past cases regarding unusual personal injuries that Plaintiff sustained between January 6 and April 27, 2009 involving criminal investigations undertaken by the Columbia office of the FBI. In most of Plaintiff's past cases, this court found the allegations about the same kind of injuries to be "wholly incredible" or "not credible," and/or "delusional," and/or "fanciful." See, e.g., C/A Nos. 3:08-2965-JFA; 3:09-2598-JFA; 3:11-439-JFA; 3:11-2132-JFA; 3:11-

Page 2 of 9

*PJG*

2659-JFA;   3:11-2661-JFA;   3:11-2662;   3:11-2758.      In  fact,  in  Report  and Recommendations entered in both Civil Action No. 3:11-2758-JFA and in the most recent case filed by Plaintiff containing similar allegations of "internal investigation" of his body, Civil Action No. 3:12-152-JFA-PJG, it was recommended that the cases be dismissed *with prejudice* due to repetitiveness and frivolousness and that Plaintiff be warned that continued filing of complaints containing such allegations could result in the entry of sanctions against him.

Plaintiff alleges that the defendants' failure to respond to his administrative claim form and to provide him with a settlement for his injuries has forced him to live in a destitute and medically unsound way.  Although he does not provide the court with any legal authority in the form of case or statutory law establishing a clear duty on the part of these two agencies to respond to FTCA administrative claim forms allegedly submitted to the FBI, Plaintiff asks this court to order the defendants to pay him $ 1 million as "monetary relief."  (Compl., ECF No. 1 at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint.  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

*PJG*

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed with prejudice and Plaintiff should be warned that sanctions may be entered against him if he continues to file complaints in this court seeking damages or other relief against either Defendant FBI or CIA based their alleged failure to respond to the subject FTCA administrative claim form. Taking Plaintiff's allegations as true to the extent possible and assuming without deciding that Plaintiff sent the subject FTCA administrative claim form dated April 27, 2009 to the FBI, the Complaint fails to state any kind of viable federal claim against either defendant arising from their failure to respond to the administrative claim.

Initially, no viable FTCA claim is stated against either defendant because agencies are not the proper defendants in an FTCA case. The only proper defendant in a FTCA case is the United States of America. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Plaintiff's failure to name the United States of America as a defendant and his naming of two separate federal agencies as the only defendants in this case is fatal to any FTCA claim that might otherwise be stated.



Furthermore, even if Plaintiff had named the correct party defendant, no viable FTCA claim case can be stated based only on allegations that neither agency responded to the administrative claim that was submitted in April 2009. Neither agency had an absolute duty to respond to the claim at any set time, and, in any event, no FTCA case may be brought to force an agency to perform one of its statutory duties. Although it is true that a FTCA claimant is required to strictly comply with all the FTCA statutes and regulations, see 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979), the statutes and rules do not set such a strict standard for federal agencies with regard to responses to administrative claims submitted to them. When presented with an FTCA administrative claim, before a claimant may file a lawsuit, the agency is given six months to respond to it. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9. However, even if the agency *never* responds to the administrative claim, the claimant cannot hold the agency or the United States responsible for such failure in damages because he has the alternate remedy of bringing his claim against the United States in court at any time within six months of his determination that no response was forthcoming within six months of the filing of the claim. See Yisra'EL v. U. S. Dep't of Justice, No. 5:11-289, 2011 WL 4458772 (E.D. Ky. Sept. 23, 2011) (district court cannot force an agency to respond to a FTCA claim); Keels v. Sec'y of HHS, No. 3:01-4864-17BD, 2003 WL 22843160, at *3 (D.S.C. Feb. 6, 2003) (claimant cannot recover damages from an agency arising from the agency's failure to perform one of its statutory responsibilities such as its obligation to respond to a FTCA claim), aff'd, 63 F. App'x 754 (4th Cir. 2003). Because Plaintiff has not alleged and cannot show that either the FBI or the CIA had an enforceable obligation to respond to his

FTCA administrative claim, his Complaint fails to state a claim against either of them or against the United States of America.

The same result is required if the court were to view Plaintiff's Complaint as an attempt to assert a Bivens claim against the two federal agencies. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983 and it has been held that case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825 (1994); Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982). It has long been held that Bivens does not apply to agencies of the Federal Government. Therefore, Plaintiff has no Bivens cause of action for damages against either Defendant. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

Finally, a close review of the minimal allegations in the Complaint discloses no other basis for any viable federal claim against the defendants evident from the face of Plaintiff's Complaint. Thus, no federal question jurisdiction is available in this case. Additionally, no diversity of citizenship jurisdiction is available to permit this court to consider any potential state law-based claims that might arise from the circumstances referenced in Plaintiff's Complaint because both defendants are federal entities that are not considered citizens of any state for diversity purposes. See Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 704-05 (7th Cir. 1991); Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 676 n.10 (8th Cir. 1986); CPS Electric, Ltd. v. United States, 166 F. Supp.2d 727, 729 (N.D.N.Y. 2001). In absence of either federal question or diversity jurisdiction over

*PJG*

Plaintiff's allegations or of any avenue by which Plaintiff can amend his pleading to correct the substantive problems with it as discussed above, his Complaint should be summarily dismissed with prejudice. The court's resources are limited, and any further discussion of Plaintiff's repeated claims about "internal intelligent machines" and defendants' supposed connection to them are an ineffective use of those limited judicial resources. If the recommendation below is accepted and the Complaint is dismissed with prejudice, that means that the legal determination will be final, and no future lawsuit may be brought against these defendants because they failed to respond to Plaintiff's FTCA claim. If Plaintiff continues to file complaints in the future which contain the same improper claims, this court will recommend that sanctions, such as full payment of the filing fee prior to filing, be imposed upon Plaintiff.

**RECOMMENDATION**

Accordingly, the court recommends that the court dismiss the Complaint in this case with prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. at 324-25.

It is further recommended that the court issue a clear warning to Plaintiff that he will subject himself to the entry of sanctions by the court if he continues to submit the type of frivolous cases based on delusional allegations against these defendants or others that he has been submitting in recent years.

June 14, 2012  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).